IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KESHA TERRY, § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:22-cv-00633-L (BT) |
| § | |
| DETENTION WORKERS, et al., § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kesha Terry brings this *pro se* civil action under 42 U.S.C. § 1983. Compl. 1 (ECF No. 3). The Court granted Terry leave to proceed *in forma pauperis*, but withheld issuance of process pending judicial screening. Ord. (ECF No. 6). Now, for the reasons stated, the Court recommends that the District Court dismiss this civil action under 28 U.S.C. § 1915(e)(2)(B).

**Background**

In her one-page, typed complaint, Terry alleges that she was subjected to police brutality during a false arrest. Compl. 1. Terry further alleges that she was sexually abused and assaulted by detention workers at the Dallas County Jail. *Id.* She contends that they stepped on her, held her down, and the supervisor applied handcuffs. *Id.* Terry further contends that this caused her to suffer "crushing pain in [her] body" and a "rib concussion." *Id.* Terry concludes that she is now suffering "health" and emotional problems

1

following this incident. *Id.* Terry requests that her allegations be taken "serious[ly]," and the officers involved "be held responsible for their actions." *Id.*

Terry is no stranger to the Court. Indeed, she has filed ten *pro se* civil lawsuits in the Northern District of Texas over the past eleven years. And at least two of those lawsuits, *Terry v. Supervisor et al.*, 3:17-CV-4-G-BT (N.D. Tex.) and *Terry v. Detention Workers, et al.*, 3:21-cv-16-X-BH (N.D. Tex.), are duplicative of her claims here. This Court has admonished Terry more than once against filing frivolous lawsuits. On December 16, 2014, in *Terry v. Oncor Delivery, et al.*, 3:14- cv-3496-P-BK (N.D. Tex.), the Court warned Terry that it may impose sanctions, including monetary sanctions payable to the Court, and filing restrictions, for filing frivolous lawsuits or otherwise abusing the litigation process. Despite that clear warning, Terry continued her vexatious litigation practices. So last year, in *Terry v. Hoffman*, 3:21-cv-1736-X-BT (N.D. Tex.), the Court recommended sanctioning Terry and requiring pre-filing authorization. The District Court accepted that recommendation on March 24, 2022, and it ordered Terry to pay $150.00 in sanctions and obtain pre-filing authorization before the Court accepts

2

another *pro se* lawsuit from her.¹ To date, Terry has not paid the $150.00 sanction imposed in *Terry v. Hoffman*, 3:21-cv-1736-X-BT (N.D. Tex.).

## Legal Standards and Analysis

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or wholly incredible." *Id.* at 33.

The Court liberally construes Terry's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however

---

¹ Terry filed this lawsuit on March 18, 2022, while the sanction recommendation was pending, so she was not required to obtain authorization to file this action. However, that sanction will apply to all cases Terry attempts to file in the future.

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); Cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). But even under this liberal standard, Terry's complaint is clearly duplicative of two other cases previously dismissed by this Court. *See Terry v. Supervisor and Detention Workers*, Case No. 3:17-cv-4-G (BT); *Terry v. Detention Workers, et al.*, Case No. 3:21-cv-16-X-BH. And "[*in forma* pauperis] complaints may be dismissed as frivolous pursuant to § 1915[ ] when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the [*in forma pauperis*] plaintiff." *Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir. 1989); *see also Bailey v. Johnson,* 846 F.2d 1019 (5th Cir. 1988). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986). Terry's duplicative claims are frivolous, and the Court should dismiss her complaint.

## Leave to Amend

Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend her complaint prior to a dismissal but leave to amend is not required when a plaintiff "has already pleaded [her] 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed, Terry's lawsuit is

4

duplicative of two other lawsuits she filed in this Court, and it is frivolous. Therefore, this action is fatally infirm, and leave to amend would be futile.

## Conclusion

The Court should DIMISS Terry's complaint under 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED**.

March 31, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

5